**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER L. PICKETT, ) | CASE NO: 3:12-CV-396 |
| ) | |
| Plaintiff, ) | |
| ) | MAGISTRATE JUDGE |
| v. ) | NANCY A. VECCHIARELLI |
| ) | |
| CAROLYN W. COLVIN, ) | |
|    Acting Commissioner of Social ) | **MEMORANDUM OPINION** |
|    Security, ) | **AND ORDER** |
| ) | |
| Defendant. | |

This case is before the Magistrate Judge by the consent of the parties. (Doc. No. 15.) On February 14, 2013, Plaintiff, Christopher L. Pickett, through his attorney, Kirk B. Roose, filed a motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $3,267.20. (Application for Attorney Fees ("EAJA Motion"), Doc. No. 22.) This amount represented: (1) 15.8 hours of work performed by Attorney Roose, at a rate of $184.38 per hour (EAJA Motion at Ex. 1, Doc. No. 22-1); (2) 6.1 hours of work performed by Appellate Assistant Diane J. Shriver, at a rate of $50.00 per hour (EAJA Motion at Ex. 2, Doc. No. 22-2); and (3) costs and expenses in the amount of $49.00 (EAJA Motion at Ex. 3, Doc. No. 22-3). Defendant did not file any opposition to the EAJA Motion.[1]

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. She is automatically substituted as the defendant in this case pursuant to Rule 25(d) of the Federal Rules of Civil Procedure

1

On March 14, 2013, the parties filed a Joint Stipulation to an Award of Fees under the EAJA Fees in the amount of $3,175.00. (Doc. No. 21.) The parties have not indicated what portion of the stipulated amount, if any, is to be assigned to each of the categories of fees requested in the EAJA Motion. The Court finds the stipulated amount to be reasonable. Therefore, the Court awards Plaintiff $3,175.00 in attorney fees pursuant to the EAJA. This award shall satisfy all of Plaintiff's claims for fees and expenses under 28 U.S.C. § 2412. Pursuant to the parties' stipulation, if counsel for the parties can verify that Plaintiff owes no pre-existing debts to the United States that are subject to offset, Defendant shall direct that the award be made payable to Plaintiff's counsel subject to the assignment signed by Plaintiff and his counsel, and that the Treasury Department mail any check in this matter to the business address of Plaintiff's counsel.

      IT IS SO ORDERED.

                                            s/ *Nancy A. Vecchiarelli*
                                            U.S. Magistrate Judge

Date: March 18, 2013